FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CLAY V. HAYNES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MELISSA ANDREWJESKI,<br><br>　　　　　　Defendant. | NO. 4:23-CV-5028-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT are Defendant's Motion to Dismiss (ECF No. 16), Petitioner's construed Motion for Summary Judgment (ECF No. 19), and Petitioner's 2nd Amended Motion "Whistle Blower Protection" (ECF No. 20). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED**, Petitioner's construed Motion for Summary Judgment (ECF No. 19) is **DENIED**

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

1  **as moot**, and Petitioner's 2nd Amended Motion "Whistle Blower Protection" (ECF
2  No. 20) is **DENIED as moot**.

## BACKGROUND

Petitioner, proceeding *pro se*, is serving a 23-year sentence at the Coyote Ridge Corrections Center. ECF No. 1. He brings this Petition to challenge his Benton County jury conviction for rape of a child second degree, rape of a child third degree, and incest first degree. *Id*. Petitioner filed an appeal with the Washington Court of Appeals, Division III, on or about January 28, 2022. ECF No. 16-1 at 23. Plaintiff has not filed a brief in the matter and the Court of Appeals has not yet ruled on the appeal. *See id*. at 51–52. Petitioner filed a Petition for Habeas Corpus relief with this Court on March 3, 2023. ECF No. 1. Defendant filed the present motion on June 21, 2023, seeking dismissal of the Petition on the grounds that Petitioner has not exhausted his state court remedies. ECF No. 16.

## DISCUSSION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the state court remedies available to him. 28 U.S.C. § 2254(b); *Baldwin v. Reese,* 541 U.S. 27 (2004); *Castille v. Peoples,* 489 U.S. 346 (1989). Exhaustion generally requires that a prisoner give the state's highest court an opportunity to act on his claims before he presents those claims to a federal

court. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See id.;* 28 U.S.C. § 2254(c).

Having liberally construed each of Petitioner's submissions, the Court finds Petitioner has not exhausted his state court remedies. Petitioner filed an appeal on or about January 28, 2022 in the Washington Court of Appeals, Division III; however, Petitioner has not yet filed a brief in the matter. ECF No. 16-1 at 23, at 51–52. Therefore, the Court of Appeals has yet to rule on the appeal and the Supreme Court of Washington has yet to be presented with any issues on direct appeal.

Generally, federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances. *Younger v. Harris,* 401 U.S. 37, 53–54 (1971). "A district court should abstain under *Younger* when: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims." *Meredith v. Oregon,* 321 F.3d 807, 816 (9th Cir. 2003). All three *Younger* prongs favor abstention in this case. There is an ongoing state criminal appellate proceeding; Petitioner has been convicted of child rape and incest, import matters of state interest; and any constitutional issues may be adequately litigated in the state appellate system. Additionally, Petitioner may

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

challenge the fairness of his criminal trial through subsequent state and federal habeas corpus proceedings, if necessary.

Petitioner argues *Younger* does not apply to his petition because he asserts a claim for double jeopardy violation. ECF No. 18 at 9. The claim appears grounded in his argument that he should not have been retried following a purported mistrial on the same charges for which he has now been convicted. ECF No. 1 at 7–8, at 15–16. However, because the retrial has already occurred, Petitioner's double jeopardy claim "no longer fits into the exception provided to protect against the unique harm of suffering through a second trial." *Hill v. Plummer*, 27 Fed. Appx. 723, 724 (9th Cir. 2001) (citing *Hartley v. Neely*, 701 F.2d 780, 781 (9th Cir. 1983) (per curium) ("Indeed, we are convinced that a petitioner in state custody can only be assured freedom from double jeopardy by giving him access to habeas review *prior to a second trial*." (emphasis added)); *Mannes v. Gillespie,* 967 F.2d 1310, 1312 (9th Cir. 1992) ("Because full vindication of the right necessarily requires intervention before trial, federal courts will entertain *pretrial* habeas petitions that raise a colorable claim of double jeopardy." (emphasis added)). Accordingly, Petitioner's claim for double jeopardy violation does not fall within the exception to the *Younger* doctrine.

Because Petitioner has not exhausted his state remedies and there are no exceptional circumstances warranting this Court's intervention in the pending state

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

proceedings, Petitioner's habeas corpus petition is premature and must be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED**. The Petition for Habeas Corpus is **DISMISSED without prejudice**.

2. Petitioner's construed Motion for Summary Judgment (ECF No. 19) is **DENIED as moot**.

3. Plaintiff's 2nd Amended Motion "Whistle Blower Protection" (ECF No. 20) is **DENIED as moot.**

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to the parties, and **CLOSE** the file.

DATED August 11, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5